Ms. Cathyrn E. Hinshaw, Executive Director Arkansas Fire and Police Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion concerning the reemployment of a police officer who has retired under the provisions of A.C.A. §§ 24-11-401—433 (1987 and Cum. Supp. 1991). Specifically, you have attached a letter from the chief of police of the Helena Police Department which indicates that the department would like to hire a retired Helena police officer as a training officer, and pay him for this service. The chief states that the officer will not have arrest power nor will he be certified through the Commission on Law Enforcement Standards and Training as a police officer. The question posed is whether it is legal for this officer to draw his pension and also receive a salary from the city.
It is my opinion that this issue is not clearly addressed by the statutes. The question posed refers to local police pension funds established under A.C.A. §§ 24-11-401—433. This subchapter neither expressly permits, nor expressly prohibits a pensioner's reemployment and receipt of a salary by the same department from which he is retired. The result is different under the statutes governing local fire pension funds. This office has previously opined that if a fire pensioner is reemployed, his or her benefit is suspended during the period of reemployment. See Op. Att'y Gen. 87-161. See also Op. Att'y. Gen. 90-208. The opinion is based primarily upon statutory language particular to the local firemen's pension funds. Additionally, the legislature in 1989 amended the statutes governing local fire pensioners to provide that such pensioners may "remain actively involved in the fire department provided [they do] not receive compensation for the service provided." A.C.A. § 24-11-818(f)(2) (Cum. Supp. 1991). Subsection (3) of this statute provides that "[s]ervice to a fire department under subsection (f)(2) of this section shall not cause any suspension of retirement benefits payable under §24-11-801 et seq., nor shall such service be interpreted by any board administering funds under § 24-11-801 et seq., as a reinstatement of employment in a fire department." There are no similar provisions relating to the reemployment of police pensioners.
The statute governing retirement eligibility of police officers who are members of local pension funds established under A.C.A. §24-11-401—433 is A.C.A. § 24-11-422 (Cum. Supp. 1991). It provides merely that:
 (a)(1) Any member of a police department who has performed faithful service for a period of at least twenty (20) years shall be eligible for voluntary retirement and, upon written application by the member, the board of trustees shall place him on the pension roll at one-half (1/2) the actual salary based upon his highest salary year during his time of service.
This statute provides no guidance as to the reemployment of police pensioners. We thus can provide no conclusive determination as to the legality of the situation presented in your request. It appears, additionally, that pensions and retirement are exclusively a state affair, and are not subject to regulation by municipalities. A.C.A. § 14-43-601(a)(1)(F). Thus, clarification through a local city ordinance does not appear to be an option. Local boards of trustees of policemen's pension and relief funds, however, are invested with authority to make all "necessary rules and regulations for its government and the discharge of its duties" and are authorized to "hear and decide all decisions upon applications for relief or pension" under the local system. A.C.A. § 24-11-405. Although the extent of this authority is unclear, it is conceivable that the local board could make a regulation with regard to the reemployment of pensioned former policemen, as long as it is consistent with state law. Legislative clarification is needed, however, to conclusively resolve the issue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh